**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patricia Ann SHAW, Defendant–Appellant.**

No. 94–50186
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1994.

Rehearing Denied Sept. 15, 1994.

---

Patricia Ann Shaw, pro se.

Richard L. Durbin, Jr., Joan E.T. Stearns, Asst. U.S. Attys., James H. DeAtley, Acting U.S. Atty., San Antonio, TX, for appellee.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Patricia A. Shaw pleaded guilty in 1988 to manufacture of methamphetamine, conspiracy to manufacture and possess with intent to distribute methamphetamine, and unlawful possession of a machine gun. Based on an offense level of 39 and a criminal history category of I, Shaw's sentencing guidelines range was 262 to 327 months. The court departed downward because of Shaw's cooperation and sentenced her to a prison term of 180 months on each of the drug charges and a 40–month term on the weapons violation, to run concurrently. We affirmed Shaw's sentence on direct appeal, *United States v. Shaw*, 883 F.2d 10, 13 (5th Cir.) *cert. denied*, 493 U.S. 983, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989), and affirmed the district court's denial of her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Shaw subsequently moved *pro se* to modify the terms of her sentence under 18 U.S.C. § 3582(c)(2). She argued that: (1) byproducts of the drug manufacturing process that the Sentencing Commission subsequently and retroactively excluded from consideration for sentencing purposes were used in calculating her sentence, resulting in a sentence that should be reduced; and (2) the district court assumed that she was responsible for one of two types of methamphetamine listed in the guidelines, which resulted in a greater offense level than the other type, without any evidentiary support for which kind of methamphetamine had been seized.

The district court denied Shaw's § 3582(c)(2) motion on the grounds that even excluding the byproducts, she still possessed enough methamphetamine to produce the same offense level she was originally assigned and because her argument about the different types of methamphetamine was not supported by the record. Shaw appeals. We affirm.

Shaw argues that, because of a retroactive amendment to the guidelines, the district court used the wrong version of the guidelines in recalculating the amount of drugs for which she could be punished.

Prior to November 1993, U.S.S.G. § 2D1.1 provided that "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." § 2D1.1(c) (footnote to drug quantity table)

(Nov. 1993). Amendment 484 changed an application note to § 2D1.1 by explaining that a mixture or substance generally "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. App. C, amendment 484. An example of such a material that is excluded from determining the weight of the mixture or substance is "waste water from an illicit laboratory used to manufacture a controlled substance." *Id.* Chemicals seized before the end of processing are likewise excluded from consideration at sentencing. *Id.* (*citing United States v. Sherrod*, 964 F.2d 1501 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 832, 121 L.Ed.2d 701 (1992), *cert. dismissed*, —— U.S. ——, 113 S.Ct. 834, 122 L.Ed.2d 111 (1992), and *cert. denied*, —— U.S. ——, ——, 113 S.Ct. 1367, 1422, 122 L.Ed.2d 745 (1993)). The Sentencing Commission gave this amendment retroactive effect. U.S.S.G. § 1B1.10(d).

The district court ruled that even accepting Shaw's premise that approximately 35 pounds of waste byproduct should not have been considered in the drug quantity originally attributed to her, the amount that remained, 11 kilograms of methamphetamine, still corresponded to a base offense level of 36 under the 1993 guideline in effect now and thus it was unnecessary to resentence her. Shaw does not challenge this calculation, but argues that the court should have used the 1987 guidelines after recalculating the drug quantities. She contends that the court violated her right to be free from *ex post facto* laws by using the 1993 guidelines.

■ The Supreme Court has held that a criminal law is *ex post facto* if the law is "retrospective" and "disadvantage[s] the offender affected by it" by altering "substantial personal rights." *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, (1987). In this case, the court's reliance on the 1993 guidelines did not disadvantage Shaw by altering "substantial personal rights." As the district court noted it had already granted Shaw a significant departure in her sentence, and under the circumstances she was not entitled to a further reduction.

If the district court had originally used the 11 kilograms of methamphetamine when applying the 1987 guidelines, Shaw's base offense level would have been 34 instead of 36; her adjusted offense level would have been 37 instead of 39; and her applicable sentencing range would have been 210 to 262 months rather than 262 to 327 months.

Research discloses no opinion addressing the interaction of § 3582 and U.S.S.G. § 1B1.10. By the terms of the statute, however, application of § 3582(c)(2) is discretionary: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The guideline is also written so that its application is discretionary: "a reduction in the defendant's term of imprisonment may be considered ..." when an applicable guideline range has subsequently been lowered by the Sentencing Commission and given retroactive effect. U.S.S.G. § 1B1.10(a).

Other courts have treated the guideline and statute as discretionary. *United States v. Mueller*, 27 F.3d 494, 497 (10th Cir.1994); *United States v. Connell*, 960 F.2d 191, 197 (1st Cir.1992); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir.1993); *United States v. Wales*, 977 F.2d 1323, 1327–28 (9th Cir.1992); *see United States v. Marcello*, 13 F.3d 752, 757–58 (3d Cir.1994).

The guidelines instruct the court that "[i]n determining whether a reduction in sentence is warranted for a defendant eligible for consideration under ... § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, *as amended,* been in effect at that time." § 1B1.10(b). In this case the district court responded to Shaw's argument that she was entitled to a lower sentence by explaining:

Because the [c]ourt granted a downward departure and sentenced Movant below the guideline range, the [c]ourt sees no basis to resentence Movant. Movant's adjusted offense level provided for 262–327 months. Movant was sentenced to 180 months. The [c]ourt was extremely lenient in its downward departure and would not resen-

tence Movant below this. Moreover, the facts of this case do not, under any circumstances, justify a further downward departure.

R. 2, 333. Thus, implicitly, the district court considered at least some of the factors set forth in § 3553(a) [1] and the applicable policy statements issued by the Sentencing Commission. There is no indication that the court was under the mistaken impression that it could not reduce Shaw's sentence further under § 3582(c)(2).

The absence of authority explaining how to interpret the guideline and statute under consideration raise a number of questions about how the two are to be utilized. It is not evident what the court is supposed to do, in a case such as this, when there has been a departure in the original sentencing decision.[2] Additionally, it is not clear if the court is supposed to use the guidelines in effect at the time of the § 3582(c)(2) motion or the guidelines in effect at the time of the original sentencing determination if the court decides to exercise its discretion and lower the sentence.

We need not decide these issues, however, because the ultimate determination on departure is discretionary and the district court considered the factors delineated in § 3553(a) and the Sentencing Commission's policy statements. Because the court determined after that consideration, that it would not depart further under the circumstances presented, the district court did not abuse its discretion.

■ Shaw also argues that the district court erred in sentencing her in the first instance by assuming that she had been manufacturing regular methamphetamine rather than L-methamphetamine. Under the 1987 guideline's drug equivalency tables, L-methamphetamine was equivalent to 0.2 grams of cocaine while regular methamphetamine was equivalent to 2 grams of cocaine. § 2D1.1.

1. These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; and the kinds of sentences available. 18 U.S.C. § 3553(a).

2. Section 1B1.10(c) provides that "a reduction in a defendant's term of imprisonment may, in no

A section § 3582(c)(2) motion is not the appropriate vehicle for raising this issue because Appellant is not seeking retroactive application of a subsequently lowered guideline range. She is attempting to relitigate an issue which she admits she failed to bring up at sentencing. The issue is not cognizable under § 3582(c)(2), which only applies to retroactive guideline amendments. U.S.S.G. § 1B1.10(d); *United States v. Miller*, 903 F.2d 341, 349 (5th Cir.1990).

AFFIRMED.

event, exceed the number of months by which the maximum of the guideline range applicable to the defendant (from Chapter Five, Part A) has been lowered." However, it does not explain what effect a departure has on this determination.