52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Friday Ojo ADIGHIBE, Defendant-Appellant.
 No. 94-1749.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 Before: KENNEDY and DAUGHTREY, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Friday Ojo Adighibe, appeals the district court's denial of his motion to modify his sentence, based on a retroactive amendment to the Sentencing Guidelines. For the reasons stated below, we find no error in the district court's determination and affirm.
 
 
 2
 Adighibe is a Nigerian citizen who was convicted of attempting to possess cocaine and heroin with the intent to distribute. The record indicates that on May 3, 1990, the defendant returned from Nigeria to Berrien Springs, Michigan. On May 5, 1990, a British Customs officer examined a parcel sent from Nigeria to a "P.C. Ola" in Berrien Springs. The package contained a computer printer containing cylinders of heroin and cocaine. After being notified of the drugs, United States Customs officials received the package, removed all but two grams of the drugs, replaced them with a non-narcotic substance, and arranged a controlled delivery to the Berrien Springs address. Customs officials added an alarm that would signal officers when the printer was being dismantled.
 
 
 3
 When a D.E.A. agent delivered the package, the defendant signed for it as "P.C. Ola". He immediately drove to another apartment and took the package inside. Within minutes the alarm sounded. During the ensuing search of the apartment, officers found the cylinder containing the drugs under a sofa. The defendant then told agents that he had tried to deliver the package to Ola. When asked, Adighibe could not give a reason for opening it. At trial, however, the defendant denied opening the package. The jury nevertheless convicted him of attempting to possess the drugs with intent to distribute.
 
 
 4
 In December 1990, the defendant was sentenced to 97 months in prison based on the quantity of drugs that U.S. Customs intercepted--364 grams of heroin and 294 grams of cocaine. Although only one gram of each drug was actually delivered to Adighibe, U.S.S.G. Sec. 2D1.4 at the time of sentencing provided that criminal attempt should be punished as if the object of the attempt was completed. Thus, Adighibe was sentenced based on the amount of drugs U.S. Customs intercepted. The defendant appealed his case to this court, which affirmed the conviction and sentence.
 
 
 5
 Subsequently, the Sentencing Commission amended the Sentencing Guidelines to provide that the "[m]ixture or substance" forming the basis for the drug quantity for which a defendant is accountable at sentencing "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. Sec. 2D1.1 comment. n. 1 (Amendment 484). This amendment altered the former policy of measuring the weight of the entire substance containing drugs and was explicitly made retroactive. U.S.S.G. Sec. 1B1.10(d). Based on this amendment, the defendant filed a motion seeking resentencing under 18 U.S.C. Sec. 3582(c)(2), and arguing that he should be sentenced based on the two grams of narcotics actually delivered to him, rather than the quantity of drugs that U.S. Customs intercepted. The district court denied his motion, holding that because he was convicted of attempted possession, the relevant drug quantity was the amount that he intended to possess, rather than the amount that he actually received. Thus, the composition of the mixture he received was deemed irrelevant.
 
 
 6
 The defendant moved for reconsideration of his motion, arguing that he was entitled to a hearing on the amount he intended to receive. The court denied the motion, relying on its opinion that sufficient evidence supported the defendant's responsibility for the entire amount of drugs.
 
 
 7
 On appeal, the defendant argues that the district court erred in three respects: (1) by holding him responsible for the entire amount of drugs that U.S. Customs seized, (2) by "equating its belief that Ojo was involved with a 'serious' amount of drugs with the conclusion that Ojo was responsible for the amount of drugs seized by British Customs", and (3) by denying him a hearing at which the government would be required to establish his accountability for the amount of drugs seized. In effect, Adighibe argues that Amendment 484 somehow lessens the amount of drugs for which he could be held responsible and that he is entitled to a hearing to establish the correct amount.
 
 
 8
 The defendant's first contention, that he should not be sentenced based on the amount of drugs intercepted, is predicated on his interpretation of Amendment 484. What the defendant appears to argue is that the weight of the non-narcotic substance delivered to him should have been excluded from the calculation of the drug weight for which he was held accountable. The short answer to this contention is that he was not sentenced on the basis of the non-narcotic material, but on the entire weight of the controlled substances in the parcel seized by U.S. Customs.
 
 
 9
 As the government notes, at the time of the defendant's late 1990 sentencing, U.S.S.G. Sec. 2D1.4 provided that the offense level for attempt is the same as for the completed offense. Moreover, in United States v. Davern, 970 F.2d 1490 (6th Cir.1992) (en banc ), cert. denied, 113 S.Ct. 1289 (1993), this court held that a defendant who negotiated to buy 500 grams of cocaine from an undercover agent, but received only 85 grams of cocaine and 985 grams of plaster of Paris, was held responsible for the 500 grams he tried to possess. See also United States v. White, 888 F.2d 490 (7th Cir.1989). Thus, the government argues Adighibe was properly sentenced based on the amount of drugs that U.S. Customs intercepted.
 
 
 10
 The government insists, moreover, that Amendment 484 is inapplicable to this case because the relevant drugs were those intercepted by U.S. Customs and "[n]othing in the mixtures of cocaine and heroin originally contained in the package had to be separated before the substances could be used." Under this theory, Amendment 484 would be relevant only if the intercepted drugs required separation before use. However, the defendant does not challenge the drug quantity on this basis.
 
 
 11
 We conclude that the defendant's request for modification of his sentence based on Amendment 484 is meritless. Under U.S.S.G. Sec. 2D1.4 as it existed at the time of sentencing, Adighibe was properly sentenced based on the amount of drugs that he would have received if his attempted possession had been completed. See Davern, 970 F.2d 1490. The evidence at trial established this amount to be 364 grams of heroin and 294 grams of cocaine. The fact that the package actually received contained mostly non-narcotic material is irrelevant. The only relevance of Amendment 484 to this case would occur if the material intercepted contained non-narcotic substances that would have required separation before use. Because the defendant does not challenge his sentence on this ground, the quantity of drugs for which he was originally held accountable must be upheld.
 
 
 12
 Nor do we find any merit to the defendant's argument that due process requires the government to prove by a preponderance of the evidence that he reasonably believed that the parcel contained the amount of drugs for which he was held responsible. United States v. Sims, 975 F.2d 1225, 1242 (6th Cir.1992), cert denied, 113 S.Ct. 1335 (1993), appeal after remand, 41 F.3d 1508 (6th Cir.1994) (government must prove by a preponderance of the evidence the quantity of drugs involved). As the government points out, the defendant was not entitled to a hearing on his motion to modify, having waived this issue by failing to object at sentencing to the amount of drugs for which he was held responsible. See United States v. Cotts, 14 F.3d 300, 306 (7th Cir.1994); United States v. Shaw, 30 F.3d 26 (5th Cir.1994). Moreover, because the defendant at trial denied bargaining for any drugs, the court did not err by continuing to hold him responsible for all of the drugs without an additional evidentiary hearing.
 
 
 13
 For the reasons stated above, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation