IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50365 & No. 95-50620
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BOUVIER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-90-CR-30
USDC No. A-90-CR-30-1
- - - - - - - - - -
March 21, 1996
Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

Robert Bouvier, in this consolidated appeal of the district court's denial of his motion to reconsider its judgment granting relief pursuant to 18 U.S.C. § 3582(c)(2) and the court's subsequent entry of an amended order reducing his sentence, argues that 1) the district court's method of recalculating his base offense level resulted, erroneously, in a base offense level of 32 rather than a base offense level of 30; 2) the district court, for sentencing purposes, should not have relied upon a

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

statement by codefendant Kelly without clear corroboration of the statement; 3) the district court should have distinguished between L-type and D-type methamphetamine at sentencing; 4) the district court, for sentencing purposes, should have used a 75 percent yield rather than a 100 percent yield in determining how much methamphetamine Bouvier could have produced; and 5) the district court, for sentencing purposes, mischaracterized Bouvier's role in the offense as aggravating.

Even assuming the district court used an improper method of calculating Bouvier's base offense level, any error was harmless because the court, in its amended order, determined Bouvier's base offense level as 30. Bouvier's remaining issues do not seek retroactive application of changes, but rather pertain to challenges to the district court's application of the guidelines. These issues are thus not cognizable under § 3582(c)(2). United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

AFFIRMED.