# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 96-40057
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EDMOND SWISHER,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Eastern District of Texas
(6:90-CR-71-4)
_____

July 5, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Swisher appeals the district court's denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(2). A district court has discretion concerning whether to reduce a sentence under §3582(c)(2). *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). The district court's factual findings in a proceeding under §3582 are reviewed for clear error. *United States v. Mimms*, 43 F.3d 217, 220 (5th Cir. 1995). The district court found that Swisher's conduct clearly involved the unlawful manufacture of a controlled substance because he was arrested at a residence where both precursor chemicals and lab equipment were present. With reference to sentencing, a defendant is accountable for all acts and omissions committed, aided, abetted, counseled, commanded, induced,

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

procured, or willfully caused. U.S.S.G. §1B1.3(a)(1)(A). Therefore, although Swisher was convicted for possession of a listed chemical with knowledge that it would be used to manufacture a controlled substance, 21 U.S.C. § 841(d)(2), the circumstances of his offense necessarily indicated that he was involved in the unlawful manufacture of a controlled substance. Thus, it was within the district court's discretion to deny Swisher's motion to reduce his sentence because the application of U.S.S.G. §2D1.11(c) would preclude reduction of the sentence. As the district court did not commit clear error in denying Swisher's motion, that decision is AFFIRMED.