**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-50624
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GREGORY SURASKY,

Defendant-Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-90-CR-76-1-JN
-----------------------------------------------------------
March 10, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

David Gregory Surasky appeals the sentence imposed on him after the district court granted his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Surasky argues that the district court erred in sentencing him pursuant to U.S.S.G. § 2D1.1 rather than § 2D1.11. The Government argues that this issue was not properly before the district court. Regardless, we conclude that § 2D1.1 was the appropriate guideline for Surasky's sentencing.

See United States v. Leed, 981 F.2d 202, 207 (5th Cir. 1993); United States v. O'Leary, 35 F.3d 153, 155 (5th Cir. 1994); § 2D1.11(c)(1) (cross-referencing § 2D1.1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Surasky argues that in two instances the district court should have sentenced him on the basis of a methamphetamine mixture, not pure methamphetamine. However, Surasky did not meet his burden of offering evidence that the information relied on by the district court, presented to it in an Amended Addendum to Surasky's presentence report, was unreliable or untrue. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

Surasky also argues that the district court erred by (I) sentencing him on the basis of d-methamphetamine rather than l-methamphetamine and (ii) declining to grant him a downward departure on the basis of time served before his original sentencing. These issues, which do not relate to any retroactive guidelines amendments, are not cognizable in a § 3582(c)(2) proceeding. United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994); § 1B1.10, comment. (backg'd).

AFFIRMED.