IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20242
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTHONY LYNN HESTER

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-250-ALL
--------------------
November 29, 2000

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Anthony Lynn Hester pleaded guilty to four counts of mail fraud in violation of 18 U.S.C. § 1341. In determining the applicable sentencing guidelines, the district court imposed a two-level "vulnerable victim" enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). Before this court is Hester's motion under 18 U.S.C. § 3582(c)(2) for reduction or modification of his sentence due to intervening law which was denied by the district court.

A court may modify a sentence imposed "in the case of a defendant who has been sentenced to a term of imprisonment based

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." § 3582(c)(2). Where there has been no amendment by the Sentencing Commission, the district court lacks the authority to modify a defendant's sentence. See id. Reduction pursuant to § 3582(c)(2) is discretionary, and this court reviews a district court's refusal to lower a defendant's sentence for abuse of discretion. United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). Because there have been no amendments made to U.S.S.G. § 3A1.1(b)(1) since the time of Hester's sentencing, the district court properly denied his motion under 18 U.S.C. § 3582(c)(2).

Hester also filed a motion for leave to file a supplemental brief, citing Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), as a supplemental authority relevant to his case. Rule 28(j) of the Rules of Appellate Procedure provides that "[i]f pertinent and significant authorities come to a party's attention after the party's brief has been filed . . . the party may promptly advise the circuit clerk by letter . . . setting forth the citations." In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 120 S. Ct. at 2362-63. However, no issue concerning elements of the offense or statutory maximums, as contemplated by Apprendi, was raised by Hester in his initial brief. Thus, the holding of Apprendi is not "pertinent or significant" to any issue before this court. Therefore, this court's previous order granting

Hester's motion to file a supplemental brief is RESCINDED as improvidently granted, and Hester's supplemental brief is ORDERED stricken from the record.

AFFIRMED.