IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20618 c/w
No. 00-20619
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMILO HERRERO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1018
USDC No. H-95-CR-231-3
- - - - - - - - - -
April 27, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Currently before the court in No. 00-20618 is the notice of appeal filed by Hermilo Herrero, federal prisoner # 70135-079, from the district court's dismissal without prejudice of his 28 U.S.C. § 2255 motion as successive. The notice of appeal has been construed as a request for a certificate of appealability (COA) pursuant to Fed. R. App. P. 22(b). Also before the court in No. 00-20619 is Herrero's appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because both appeals share the same record, appeal Nos. 00-20618 and 00-20619 are hereby CONSOLIDATED. See Fed. R. App. P. 3(b)(2).

Herrero argues in No. 00-20618 that the district court erred in construing his 28 U.S.C. § 2255 motion, which attacked his prior state court convictions, as successive. Because Herrero has not shown why he could not have raised this challenge in his first 28 U.S.C. § 2255 motion, he has failed to demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the request for a COA in No. 00-20618 is DENIED.

Herrero argues in No. 00-20619 that the district court erred in applying the 1995 version of the Sentencing Guidelines, which incorporated amendment 528, to find that he was a career offender. He is not seeking relief as a result of a subsequent amendment that has lowered his guidelines range; he instead is attacking the district court's application of the guidelines in his case. Such claims are not cognizable under 18 U.S.C. § 3582(c)(2). The district court therefore did not abuse its discretion in denying the motion. United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). The judgment of the district court in No. 00-20619 is AFFIRMED.