IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50350
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LEOPOLDO CAMARILLO-HERNANDEZ, also known as
Rick Santiago, also known as Jose Santiago, also
known as Jose Leopoldo Amarillo, also known as
Joe Hernandez, also known as Napoleon Camarillo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(00-CR-4)
--------------------
March 19, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Jose Leopoldo Camarillo-Hernandez ("Camarillo"), federal prisoner # 04064-180, pleaded guilty to unlawful reentry into the United States after having been previously deported in violation of 8 U.S.C. § 1326, and was sentenced to 84 months of imprisonment, three years of supervised release, and a $100 special assessment. Camarillo has filed a motion for a certificate of appealability

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion, which the district court construed in part as a 18 U.S.C. § 3582(c)(2) motion. To obtain a COA, Camarillo must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

Camarillo does not raise his ineffectiveness claim in his COA motion and, therefore, he has abandoned this argument on appeal. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999). His claim that his sentence should be reduced under Amendment 632 to U.S.S.G. § 2L1.2 is not cognizable under 28 U.S.C. § 2255. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Because Camarillo has not made a substantial showing of the denial of a constitutional right concerning either of his claims, his COA motion is DENIED.

To the extent that Camarillo is appealing the denial of his 18 U.S.C. § 3582(c)(2) motion, his appeal lacks merit. The district court did not abuse its discretion in denying Camarillo's 18 U.S.C. § 3582(c)(2) motion, as Amendment 632 is not listed as retroactively applicable in the policy statement of U.S.S.G. § 1B1.10(c). See United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). Because Camarillo's appeal of the denial of his 18 U.S.C. § 3582(c)(2) motion is without arguable merit, it is DISMISSED. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

COA MOTION DENIED; APPEAL OF DENIAL OF 18 U.S.C. § 3582 MOTION DISMISSED.