IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2008

Charles R. Fulbruge III
Clerk

No. 08-10325
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN OLVERA CONTRERAS, Sr.

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:98-CR-64-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Olvera Contreras, federal prisoner # 80905-079, appeals the district court's order denying Contreras' motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). Contreras pleaded guilty to conspiracy to import 100 kilograms or more of marijuana into the United States and was sentenced to a term of imprisonment of 235 months.

Contreras argues that he is entitled to have his sentence reduced pursuant to Amendment 709, which clarified which misdemeanor and petty offenses are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counted in determining the defendant's criminal history points under U.S.S.G. § 4A1.2(c)(1). He argues that the application of the amendment would lower his sentencing guidelines range and that the district court should reconsider his advisory sentencing guidelines range in light of United States v. Booker, 543 U.S. 220 (2005), and the 18 U.S.C. § 3553(a) factors. Contreras contends that the amendment should be applied retroactively pursuant to § 1B1.10(c). Although Contreras acknowledges that amendments are to be applied retroactively only if they are listed in § 1B1.10(c), he does not address the determination of the district court that Amendment 709 is not a listed amendment. Id. at 9.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. See § 1B1.10(a); United States v. Shaw, 30 F.3d 26, 28-29 (5th Cir. 1994). The Sentencing Commission has stated in § 1B1.10(a) that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. See¶ 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). See § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c), the district court correctly denied Contreras's motion.

Insofar as Contreras argues that he is entitled to a reduction of his sentence because Amendment 709 is a clarifying amendment, this court has held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Because the district court did not abuse its discretion in denying the motion, the denial of the motion is AFFIRMED.