**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10525
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DOUGLAS RAY DUNKINS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-10-3

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Douglas Ray Dunkins, Jr., federal prisoner # 22619-077, was convicted of of conspiracy to distribute and possess with intent to distribute cocaine and to manufacture, to possess with intent to distribute, and to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. § 846. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence.

We review for an abuse of discretion the district court's decision whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to reduce a sentence under § 3582(c)(2). *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1995). The court "may not modify a term of imprisonment once it has been imposed except" in certain circumstances. § 3582(c). The court is authorized to reduce a term of imprisonment if the defendant's sentencing range has been lowered by the Sentencing Commission's amendment to the Sentencing Guidelines. § 3582(c)(2); U.S.S.G. § 1B1.10(a), p.s.

In general, Amendment 706 reduced the base offense levels set forth in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. However, the base offense level for offenses involving 4.5 kilograms or more of crack cocaine is unchanged. Dunkins was held accountable for more than 20 kilograms of crack cocaine. As a result of a prior retroactive amendment to the Guidelines, his base offense level was 38. Under the new amendments to § 2D1.1(c)(1), Dunkins's base offense level remains 38. Thus, his base offense level is unaffected by Amendment 706 to § 2D1.1(c) and, concomitantly, the applicable guidelines range of imprisonment was not lowered as a result of the amendment. Because § 3582(c)(2) authorizes a sentence reduction only when the sentencing range is lowered by an amendment to the Guidelines, the district court did not abuse its discretion in denying Dunkins's motion for a reduction of sentence.

To the extent that Dunkins argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in the light of *United States v. Booker*, 543 U.S. 220 (2005), we do not reach this argument because Dunkins is not eligible for a sentence reduction pursuant to § 3582(c)(2).

Dunkins's motion for further relief, seeking to correct his presentence report, is DENIED.

AFFIRMED.