# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-40466
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER RYAN WEIR,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-209-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christopher Ryan Weir, federal prisoner # 62315-179, appeals the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Weir pleaded guilty to being a felon in possession of a firearm and was sentenced to a term of imprisonment of forty-six months.

Weir argues that he is entitled to have his sentence reduced pursuant to Amendment 709 to the Sentencing Guidelines, which clarified which misdemeanor and petty offenses are counted in determining a defendant's

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history points under U.S.S.G. § 4A1.2(c)(1). He also argues that the district court should reconsider his advisory sentencing guidelines range in light of *United States v. Booker*, 543 U.S. 220 (2005) and the 18 U.S.C. § 3553(a) factors.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a); *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). This court reviews a district court's refusal to lower a defendant's sentence under § 3582(c)(2) for abuse of discretion. *See Shaw*, 30 F.3d at 29.

The Sentencing Commission has stated in § 1B1.10(a)(2) that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c)(2) is not consistent with the policy statement of § 1B1.10. U.S.S.G. § 1B1.10(a)(2). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* U.S.S.G. § 1B1.10(c). Therefore, under the plain language of § 3582(c)(2), the district court correctly denied Weir's motion.

Insofar as Weir argues that he is entitled to a reduction of his sentence because Amendment 709 is a clarifying amendment, this court has held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996). Because the district court did not abuse its discretion in denying the motion, the denial of the motion is AFFIRMED. Weir's motion for an evidentiary hearing and appointment of counsel for the purpose of oral argument are DENIED.