# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10652
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEN CORNELL ROBERSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-428-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ken Cornell Roberson appeals the denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). The district court denied the motion, determining that it lacked authority to reduce Roberson's sentence below the statutory minimum term of imprisonment. The Government has moved to dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2. Roberson argues that he was entitled to a motion for a downward departure pursuant to 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(e) and that the Government declined to file such a motion because of improper motives.

Section 3582(c) provides a mechanism by which a defendant may seek the "retroactive application of a subsequently lowered guideline range." *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). It does not authorize a sentence below the statutory minimum term of imprisonment. If a defendant provides assistance to the Government, the Government may, but is not required to, file a § 3553(e) motion permitting a district court to depart below the statutory minimum term of imprisonment. *United States v. Wade*, 504 U.S. 181, 185 (1992). Although a district court will review the Government's decision not to file such a motion if it was based on unconstitutional motives, Roberson's vague allegations of an improper motive are insufficient to make the substantial threshold showing required. *See id.* at 186.

Without a motion to depart pursuant to § 3553(e), the district court had no authority to sentence Roberson below the statutory minimum, as it correctly determined and, therefore, did not abuse its discretion in denying Roberson's § 3582(c) motion. *See Shaw*, 30 F.3d at 28. For these reasons, the Government's motion to dismiss is GRANTED, Roberson's motion for appointment of counsel is DENIED, and this appeal is DISMISSED. *See* 5TH CIR. R. 42.2.