**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50464
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROLAND SAMANIEGO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-340-1

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roland Samaniego, federal prisoner #43425-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute cocaine. Samaniego argues that he is entitled to have his sentence reduced in light of Amendment 709 to the Sentencing Guidelines. He argues that Amendment 709 modified U.S.S.G. §§ 4A1.1 and 4A1.2, and, thus he is entitled to have his criminal history score recalculated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. The district court may grant a reduction if consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a); *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994).

Unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c), a district court does not abuse its discretion by denying a reduction in a sentence based on Amendment 709. *See* § 1B1.10, comment. (n.1(A)). Samaniego has failed to show that the district court erred in concluding that Amendment 709 did not apply retroactively and could not be used to support a motion under § 3582(c).

Samaniego concedes that the district court was correct in its determination that he is not entitled to relief under Amendment 706 because he was convicted for a powder cocaine offense and not a crack cocaine offense. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). Thus, the district court did not abuse its discretion in denying Samaniego's § 3582(c) motion. *See Shaw*, 30 F.3d at 28. Accordingly, the judgment of the district court is AFFIRMED.