**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50485
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AUTRY LEE JONES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:90-CR-177-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Autry Lee Jones, Texas prisoner # 52873-080, was convicted in 1991 of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841 and 846. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to crack cocaine offenses. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)). He also moves this court for leave to proceed in forma pauperis (IFP) on appeal.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. § 3582(c)(2). We review the denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994).

Jones argues that the district court erred in denying his § 3582(c) motion because, pursuant to Amendment 505 of the Guidelines, the base offense level for his offense could not exceed 38. He concedes in his reply brief, however, that his properly recalculated offense level was 40 and that although Amendment 706 lowered his offense level by two levels, the reduction had no effect on his ultimate sentencing range. *See* § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. Ch. 5, Pt. A., Sentencing Table. We do not consider Jones's arguments made for the first time in his reply brief that the district court nevertheless abused its discretion in denying his motion because it failed to consider *United States v. Booker*, 543 U.S. 220 (2005), *United States v. Kimbrough*, 128 S. Ct. 558 (2007), and the 18 U.S.C. § 3553(a) sentencing factors. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *Taita Chem. Co. Ltd. v. Westlake Styrene Corp*, 246 F.3d 377, 384 n.9 (5th Cir. 2001). Neither do we consider his arguments made for the first time in his reply brief that the enhancements to his offense level violated his Sixth Amendment rights and that he should have been appointed counsel in connection with his § 3582(c) proceedings. *See id.*

The district court properly held that Jones was ineligible for a sentence reduction because the amendment did not reduce his advisory guidelines range. *See* § 3582(c)(2); § 1B1.10(a)(2)(B). The district court's judgment is AFFIRMED.

Jones's motion to proceed IFP on appeal is DENIED AS MOOT because the district court has already granted Jones permission to proceed IFP on appeal.