**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-41356
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DALCO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-154-1

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Dalco, federal prisoner # 08325-078, pleaded guilty to possession with the intent to distribute 5 grams or more, but less than 50 grams of cocaine base. He was sentenced to 121 months of imprisonment. He appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, which was based on the United States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for crack cocaine. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court reduced Dalco's sentence to 120 months, the low end of the amended guidelines range due to the statutory minimum sentence. We review the district court's determination on a § 3582(c)(2) motion for abuse of discretion. *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994).

The district court could not have imposed a guidelines sentence that was lower than the statutorily mandated minimum penalty. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir.), *cert. denied*, 129 S. Ct. 212 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, Dalco has not shown that the district court abused its discretion in granting his motion and reducing his sentence to 120 months. *See Shaw*, 30 F.3d at 28.

Dalco concedes that there is no authority for the district court to have imposed a sentence below the statutory minimum, but he seeks to preserve the issue in the event of a change in the jurisprudence regarding the application of § 3582(c)(2) to defendants subject to mandatory minimum sentences.

The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.