**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50313
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERRENCE DOYLE MITCHELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-203-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Terrence Doyle Mitchell, federal prisoner # 04106-180, appeals the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). Mitchell pleaded guilty to possession with intent to distribute 500 grams or more of cocaine and possession of counterfeit currency.

Mitchell argues that he is entitled to have his sentence reduced pursuant to Amendment 709, which addressed two areas of the Guidelines' criminal history rules. Mitchell concedes that the amendment went into effect after he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced and that it is not listed by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10 as a guideline amendment that applies retroactively. He argues, however, that the district court was not limited by the Guidelines' list of retroactively applicable amendments because, after *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are advisory. Mitchell notes that Amendment 717 to the Guidelines recognizes that *Booker* rendered the Guidelines advisory.

We review the district court's denial of Mitchell's § 3582(c) motion for abuse of discretion. *See United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). Amendment 709, on which Mitchell relies for his § 3582(c) motion, is not listed as an amendment covered by the policy statement in § 1B1.10. *See* § 1B1.10(c). Therefore, the plain language of § 3582(c) dictated that the district court was not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission policy. *See* § 1B.10, comment. (n.1); § 3582(c)(2). Moreover, this court has held that *"Booker* does not alter the mandatory character of § 1B1.10's limitations on sentence reductions." *See United States v. Doublin*, ___ F. 3d ___, 2009 WL 1743661 (5th Cir. June 22, 2009). The district court's judgment is affirmed.

Mitchell also asks this court to recall the mandate in appeal no. 05-50203 and to remand the case to the district court for an evidentiary hearing on his claim that counsel's alleged ineffective assistance caused the dismissal of his direct appeal for want of prosecution. Mitchell's request for a recall of the mandate is beyond the scope of relief provided for under § 3582, and, in fact, Mitchell expressly states that he is not seeking a recall of the mandate pursuant to § 3582. While this court may recall a mandate to prevent injustice, *see* 5TH CIR. R. 41.2, Mitchell's request for such relief has not been properly presented in the form of a motion to this court. *See* 5th Cir. R. 27. Accordingly, we do not entertain in this appeal Mitchell's request for a recall of the mandate.

AFFIRMED.