**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50610
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DEDRICK ANDRE PRICE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-62-1

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Dedrick Andre Price appeals the district court's denial of his motion for a reduction of sentence under 18 U.S.C. § 3582(c). Price originally was sentenced to 144-months of imprisonment for distribution of cocaine base and possession with intent to distribute cocaine base, and he sought to have his sentence reduced under the amendments to the Sentencing Guidelines that lowered the offense levels for offenses involving cocaine base. He argues that the district

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court overstated the seriousness of his offenses, as well as his potential danger to the public, and that his sentence is greater than necessary to achieve the sentencing goals in 18 U.S.C. § 3553(a). Price also contends that even the amended guidelines range of 108-135 months of imprisonment is disproportionately severe.

We review the denial of a § 3582(c) motion for abuse of discretion. *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). The district court considered the relevant statutory and guidelines provisions. *See* § 3582(c); 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10, p.s. The court relied on the nature of Price's convictions, including his prior conviction for terroristic threats and his five-year sentence for aggravated assault with a deadly weapon, which was imposed after he was sentenced for the offenses involving cocaine base. The court noted the violent circumstances of the aggravated assault offense and also pointed to the 25 disciplinary incidents in which Price had been involved during his two and a half years at TDCJ, which included threatening to harm an offender, refusing to work, creating a disturbance, and failing to obey orders, in finding that Price had not learned to comply with the rules of society and that his conduct posed a danger to others. The court held that the original sentence would serve to protect the public from additional crimes and would give Price the time he needed for additional educational and vocational training and drug treatment. Under these circumstances, the district court did not abuse its discretion in denying the motion for a reduction of sentence. *See* § 1B1.10, p.s., comment. (n.1(B)); *Shaw*, 30 F.3d at 28-29; *United States v. Whitebird*, 55 F.3d 1007, 1009-10 (5th Cir. 1995).

AFFIRMED.