# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 08-20110
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL ESPERICUETA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-428-12

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Israel Espericueta, federal prisoner # 59164-079, was convicted in a jury trial for conspiracy to possess with intent to distribute cocaine, conspiracy to launder money, and aiding and abetting money laundering. He received concurrent terms of imprisonment of 360 months, 60 months, and 240 months, respectively, for each count. His 360-month sentence subsequently was reduced to 262 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Espericueta appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. He argues that "[g]iven the recent clarification of U.S. Sentencing Guidelines," his sentence should be reduced because under U.S.S.G. § 4A1.2(c)(1), a prior conviction for an insufficient funds check should not have been used to increase his criminal history score by three points. He specifies that amendment 709 to the Sentencing Guidelines clarified this issue. Espericueta also moves this court for leave to proceed in forma pauperis (IFP) on appeal. To obtain leave to proceed IFP on appeal, Espericueta must show that he is a pauper and that he will present a nonfrivolous issue for appeal. *See Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982).

Because amendments to the Guidelines cannot be considered in a § 3582(c)(2) motion unless they are listed in U.S.S.G. § 1B1.10(c) and because amendment 709 is not listed in § 1B1.10(c), Espericueta has not shown that he is entitled to a reduction in his sentence. *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996). Accordingly, Espericueta has failed to demonstrate that the district court abused its discretion in denying him a reduction of his sentence pursuant to § 3582(c)(2). *See United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994).

As Espericueta has not shown that his appeal presents a nonfrivolous issue, his request for leave to proceed IFP is DENIED. *See Carson,* 689 F.2d at 586. Because his appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.