# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL ANTHONY DAVIS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-111-2

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Davis, federal prisoner # 33896-177, was convicted by a jury in 2005 of conspiring to possess and distribute cocaine base and distributing cocaine base and was sentenced to 360 months of imprisonment. He now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. The district court determined that Davis was eligible for a reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11219

based on Amendment 782 to the Sentencing Guidelines and reduced Davis's sentence to 324 months of imprisonment.

We may authorize a prisoner to proceed IFP on appeal if he demonstrates that he is a pauper and that his appeal presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *see* FED. R. APP. P. 24(a)(1). Davis essentially seeks to relitigate his original sentence. However, a prisoner may not relitigate sentencing issues or challenge the appropriateness of his original sentence in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *see also United States v. Shaw*, 30 F.3d 26, 29 (1994).

Davis has not shown that his appeal "involves legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, his motion to proceed IFP is DENIED. Additionally, because the appeal is frivolous, the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Further, during the pendency of this proceeding, Davis was ordered to pay a monetary sanction of $250 to the clerk of this court, in addition to any monetary sanctions imposed by the district court, and was barred from filing any pleading challenging his convictions and sentences until the sanctions are paid in full. *Davis v. Chandler*, No. 16-10337, slip op. at 2 (June 19, 2017) (unpublished). Although the order was issued after Davis filed the instant IFP motion, the order directed Davis "to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive." *Id.*

Accordingly, Davis is ORDERED to pay an additional monetary sanction of $100 to the clerk of this court. This monetary sanction must be paid in addition to, and not in lieu of, any other monetary sanctions imposed by this

No. 16-11219

court or the district court. Davis is WARNED that any future frivolous, repetitive, or otherwise abusive filing will subject him to additional and progressively more severe sanctions. He is again directed to review all pending matters and move to dismiss any that are frivolous, repetitive or otherwise abusive.