# United States Court of Appeals for the Fifth Circuit

_____

No. 25-40528
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSEPH GRAY, JR.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1684-3

_____

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Joseph Gray, Jr. appeals the denial of his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). We review the district court's denial of compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40528

Gray's compassionate release motion was based on his premise that a reduction in his sentence is warranted on account of a change in the law regarding the importance placed on the purity level of methamphetamine in determining the culpability of defendants. On appeal, Gray argues that the district court was mistaken in determining that he had not supported the assertions made in his compassionate release motion with authority from this circuit. He also renews his challenge to the imposition of an enhancement for a leadership role, arguing that he would not receive such a role enhancement if he were sentenced today.

Pursuant to U.S.S.G. § 1B1.13(b)(6), under certain circumstances, a nonretroactive "change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason" warranting compassionate release. However, Gray has not established a nonretroactive change in the law that would affect his sentence, and the cases he cites regarding the asserted change were all decided prior to his sentencing in 2023. Additionally, we note that Gray does not meet the criteria for relief under § 1B1.13(b)(6) for the additional reason that he has not yet "served at least 10 years of the term of imprisonment." Although he claims that he is not attacking the propriety of his sentence, Gray's challenge ultimately pertains to his original 360-month sentence of imprisonment, which is not appropriate in a § 3582(c) proceeding. *See United States v. Shaw,* 30 F.3d 26, 29 (5th Cir. 1994).

The decision of the district court is AFFIRMED.

2