# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-10411
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TOMMY LEE FANNIN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-19-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tommy Lee Fannin, federal prisoner # 29268-177, pleaded guilty to one count of being a felon in possession of a firearm and was sentenced to a 188-month term of imprisonment. Fannin appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may grant a reduction if consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a); *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994).

Fannin contends that he is entitled to have his sentence reduced pursuant to Amendment 709. He asserts that application of this amendment would dramatically lower his sentencing guidelines range.

The Sentencing Commission has stated that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c), a district court is not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission Policy. *See* § 1B1.10, comment. (n.1(A)).

Fannin argues that Amendment 709 is a clarifying amendment that should be applied retroactively even though it is not listed in § 1B1.10(c). This court has held, however, that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

The district court did not abuse its discretion in denying Fannin's § 3582(c) motion. *See Shaw*, 30 F.3d at 28. Accordingly, the judgment of the district court is AFFIRMED.