# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10832
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VALREE HARTIN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-69-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Valree Hartin, federal prisoner # 35459-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence imposed following his guilty plea convictions for distribution of cocaine base and cocaine. Hartin argues that he is entitled to have his sentence reduced in light of Amendment 518 to the Sentencing Guidelines. He asserts that Amendment 518 is a "clarifying" amendment, and thus it can be applied retroactively despite its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

omission under U.S.S.G. § 1B1.10. He requests that this court remand his case to the district court for resentencing.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. The district court may grant a reduction if consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). This court reviews a district court's refusal to lower a defendant's sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994).

Amendment 518, which became effective November 1, 1995, was already in effect when Hartin was sentenced. *See* U.S.S.G. App. C., amendment 518; *Shaw*, 30 F.3d at 29. Additionally, the Sentencing Commission has stated in § 1B1.10 that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). Amendment 518 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c) & comment. (n.1(A)) (May 2008). Further, we have held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217 (5th Cir. 1996). Accordingly, the district court did not abuse its discretion in denying Hartin's § 3582(c)(2) motion. *See Shaw*, 30 F.3d at 28. The judgment of the district court is therefore AFFIRMED.