**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50434
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NICHOLAS KLIFFMUELLER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-1-ALL

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Nicholas Kliffmueller, federal prisoner # 57735-180, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his 66-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently was lowered by the Sentencing Commission. The district court may grant a reduction if consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10(a); *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994).

Kliffmueller contends that he is entitled to have his sentence reduced in light of Amendment 709 to the Sentencing Guidelines. He argues that Amendment 709 modified U.S.S.G. § 4A1.2, and, thus, that he is entitled to have his criminal history score recalculated.

Unless an amendment is listed in U.S.S.G. § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of U.S.S.G. § 1B1.10. *See* U.S.S.G. § 1B1.10 cmt. n.1(A). Amendment 709 is not listed as an amendment covered by the policy statement in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c), a district court is not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission policy. *See* U.S.S.G. § 1B1.10 cmt. n.1(A). Insofar as Kliffmueller contends that Amendment 709 is a clarifying amendment that should be applied retroactively even though it is not listed in U.S.S.G. § 1B1.10(c), this court has held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in U.S.S.G. § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

Kliffmueller argues for the first time on appeal that he was eligible for relief under the version of U.S.S.G. § 4A1.2(c)(1) that was in effect at the time of his sentencing. He also argues that the district court did not correctly assess the 18 U.S.C. § 3553(a) factors in imposing his original sentence and that it

incorrectly calculated his criminal history. He contends that his counsel failed to raise the issue, and the district court did not consider this pertinent factor.

Kliffmueller did not raise these claims in the district court. Thus, plain error review governs these newly raised issues. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Kliffmueller cannot rely on § 3582(c) as a procedural vehicle to obtain a recalculation of his sentencing guidelines range or a redetermination of the reasonableness of his initial sentence in this instance because he is not relying on a retroactively applicable amendment to the Guidelines in making this argument. *See* U.S.S.G. § 1B1.10(a); *Shaw*, 30 F.3d at 28-29.

Kliffmueller has not demonstrated that he has any evidence that he could present at an evidentiary hearing to show that he is entitled to relief under § 3582(c)(2). His request for an evidentiary hearing is DENIED.

In view of the foregoing, the district court did not abuse its discretion or plainly err in denying Kliffmueller's § 3582(c) motion. *See Shaw,* 30 F.3d at 28; *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). The judgment of the district court is AFFIRMED.