IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-10595
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISAAC RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CR-89-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Isaac Rodriguez, federal prisoner # 31752-177, pleaded guilty to being a convicted felon in possession of a firearm, and was sentenced to 120 months in prison. Rodriguez appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.

Rodriguez argues that he is entitled to have his sentence reduced pursuant to Amendment 709, which clarifies, among other things, whether multiple prior offenses are to be counted separately or as a single sentence when calculating

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history points under U.S.S.G. § 4A1.2(c)(1). He asserts that the application of this clarifying amendment would dramatically lower his sentencing guidelines range and that the amendment should be applied retroactively pursuant to § 1B1.10(c).

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. The district court may grant a reduction if consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2); United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. See § 1B1.10(a); United States v. Shaw, 30 F.3d 26, 28-29 (5th Cir. 1994).

The Sentencing Commission has stated in § 1B1.10 that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. See § 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). See § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c), a district court is not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission Policy. See § 1B1.10, comment. (n.1(A)). Moreover, insofar as Rodriguez argues that he is entitled to a reduction of his sentence because Amendment 709 is a clarifying amendment, the court has held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

The district court did not abuse its discretion in denying Rodriguez's motion after determining that Amendment 709 is not retroactive. United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). In any event, Rodriguez would not have been entitled to a sentence reduction because the provision in Amendment 709

that allows multiple offenses to be counted as a single sentence is not applicable in cases, such as Rodriguez's, where an intervening arrest occurred between offenses. U.S.S.G., App. C Supp., Amend. 709. Accordingly, the judgment of the district court is AFFIRMED.