**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10553
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARK STEPHEN GALVEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-231-1

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mark Stephen Galvez, federal prisoner #30792-177, appeals the district court's denial of his February 2008 motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence imposed in 2003 following his guilty plea conviction for possession with intent to distribute cocaine and possession of a firearm in furtherance of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug trafficking offense.[1] Galvez argues that he is entitled to have his sentence reduced in light of Amendment 709 to the United States Sentencing Guidelines (U.S.S.G.), which took effect on November 1, 2007. *See* U.S.S.G. App. C, amend. 709. Amendment 709 modified the instructions for computing criminal history in U.S.S.G. § 4A1.2, and Galvez contends that the amendment should be applied to his case retroactively in order to recalculate his criminal history score. *Id.* We review the denial of a motion to reduce a sentence under section 3582(c)(2) for an abuse of discretion. *United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999).

Pursuant to section 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. The district court may grant a reduction if it is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In this case, the applicable policy statement is U.S.S.G. § 1B1.10. *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the section 1B1.10. *See* U.S.S.G. §§ 1B1.10(a), (c); *United States v. Drath*, 89 F.3d 216, 217–18 (5th Cir. 1996).

The Sentencing Commission has stated that, unless an amendment is listed in section 1B1.10(c), it is not consistent with the policy statement in section 1B1.10 and may not be relied upon to reduce a sentence pursuant to section 3582(c)(2). *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *see also Drath*, 89 F.3d at 218. Amendment 709 is not listed in section 1B1.10(c), therefore it has no

---

[1] Galvez has not appealed his referenced conviction or sentence and has not challenged either under 28 U.S.C. § 2255.

retroactive effect and provides the district court with no authority to reduce Galvez's sentence. *See id.*[2]

Therefore, the district court did not abuse its discretion in denying Galvez's section 3582(c) motion.

AFFIRMED.

---

[2]As the district court correctly noted in denying Galvez's motion for reconsideration, because neither of Galvez's said offenses involved cocaine base or crack cocaine, Guidelines Amendment 706, effective November 1, 2007, cited by Galvez in his motion for reconsideration, is inapplicable.