# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-40465
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GARY LOUIS PORTER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-44-ALL

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gary Louis Porter, federal prisoner # 65851-179, proceeding *pro se* and *in forma pauperis*, pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute approximately 52 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A). Porter was held accountable for 123.86 grams of cocaine, 81.82 grams of cocaine base, and 5.72 grams of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine. Pursuant to Sentencing Guideline § 2D1.1, these quantities were converted to their marijuana equivalents, which totaled 1,672.61 kilograms of marijuana. The district court sentenced Porter to 145 months' imprisonment and a five-year term of supervised release.

Porter filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, seeking a sentencing reduction based on the United States Sentencing Commission's adoption of: Amendment 706, which modified the sentencing ranges applicable to crack-cocaine offenses to reduce the disparity between crack-cocaine and powder-cocaine sentences; and Amendment 709, which, in part, clarified which misdemeanor and petty offenses are counted in determining a defendant's criminal history points under Guideline § 4A1.2(c)(1). *See* U. S.S.G., supp. to app. C, amend. 706, pp. 226-31 & amend. 709, pp. 235-41 (1 Nov. 2007) (amending Guideline §§ 2D1.1(c) and 4A1.2). The district court construed Porter's motion as being under 18 U.S.C. § 3582(c)(2) and denied it.

Porter appeals that denial, asserting the court erred in: construing his motion as arising under § 3582(c); and denying his request for a sentence reduction based on Amendment 709. He does not re-urge his claim that his sentence should be reduced based on Amendment 706 or otherwise challenge the district court's determination that the application of Amendment 706 would not reduce his sentence. Accordingly, that issue is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also* FED. R. APP. P. 28(a)(9).

Porter fails to demonstrate the district court improperly construed his motion as arising under § 3582(c). As a general rule, "review of the merits of a federal prisoner's claim is not circumscribed by the label attached" to the claim; accordingly, the "essence" of the claim, rather than its title, controls. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Under § 3582(c), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Because Porter claimed

that his sentence should be reduced based on amendments to the Sentencing Guidelines, he has failed to show the district court improperly construed his motion as being under § 3582(c).

The decision whether to reduce a sentence under § 3582(c)(2) is discretionary; accordingly, the denial of a § 3582(c) motion is reviewed for abuse of that discretion. *See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive Guidelines amendments, as set forth in Guideline § 1B1.10(a) (the Guidelines policy statement regarding reduction in term of imprisonment for amended Guideline ranges). *United States v. Shaw,* 30 F.3d 26, 28-29 (5th Cir. 1994). The Sentencing Commission has stated that, unless an amendment is listed in Guideline § 1B1.10(c), a reduction based on that amendment under § 3582(c) is not consistent with Guideline §1B1.10's policy statement. *See* U.S.S.G. § 1B1.10, cmt. n.1(A) (May 2008). Amendment 709 is not listed in § 1B1.10(c) as an amendment covered by the policy statement. *See* U.S.S.G. § 1B1.10(c) (May 2008).

Insofar as Porter contends Amendment 709 is a clarifying amendment that should be applied retroactively, even though it is not listed in Guideline § 1B1.10(c), this court has held that, except on direct appeal, a clarifying amendment is not to be applied retroactively unless the amendment is listed in Guideline § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996). Moreover, even if Amendment 709 had been retroactively applied, Porter's criminal history category would have remained a category II, and his Guidelines sentencing range would have remained unchanged. *See* U.S.S.G. Ch. 5, Pt. A.

Accordingly, the judgment is AFFIRMED. The Government's motion to unseal the record is DENIED as unnecessary.