# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2011

No. 09-31183
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS RAY KENNEDY, III,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:91-CR-473-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thomas Ray Kennedy, III, federal prisoner # 95939-012, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 505 to the Sentencing Guidelines. By moving to proceed IFP, Kennedy is challenging the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotation marks and citation omitted). Kennedy also moves for the appointment of counsel on appeal. The interests of justice do not require the appointment of counsel because Kennedy's appeal does not involve complicated or unresolved issues. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). The motion is DENIED. However, Kennedy's motion to "correct statement" is GRANTED.

Kennedy was convicted following a jury trial of engaging in a continuing criminal enterprise (CCE) and of conspiracy to distribute cocaine. Kennedy was sentenced to a term of life imprisonment for the CCE conviction and to a term of 240 months for the conspiracy conviction, to run concurrently with the life sentence. On direct appeal, this court determined that the CCE conviction and the conspiracy conviction violated the Double Jeopardy Clause and vacated Kennedy's conviction and sentence for the conspiracy offense. This court affirmed the conviction and sentence imposed for the CCE offense.

This is Kennedy's second motion seeking a reduction in sentence pursuant to Section 3582(c)(2). Although Amendment 505 had the effect of lowering Kennedy's total offense level to 42 and his Guidelines range to 360 months to life, the district court found that the circumstances surrounding Kennedy's offense justified a sentence at the high end of the Guidelines range and reimposed a sentence of life.

Kennedy argues that the district court failed to accord proper weight to his post-sentencing conduct. We review for abuse of discretion rather than under the *Booker* reasonableness standard. *See United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the 18 U.S.C. § 3553(a) factors, then there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Here, the district

court expressly stated that it had considered the Section 3553(a) factors and Kennedy's post-sentencing conduct.   The record thus reflects sufficient consideration of the appropriate factors.  *See Evans*, 587 F.3d at 673-74.

Kennedy asserts that under several subsections of Section 4A1.2, as amended by Amendment 709, criminal history points were improperly assigned. The Sentencing Commission has stated in U.S.S.G. § 1B1.10 that unless an amendment is listed in Section 1B1.10(c), a reduction based on the amendment under Section 3582(c) is not consistent with the policy statement of Section 1B1.10.   *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(A). Amendment 709 is not listed as an amendment covered by the policy statement in Section 1B1.10(c).  *See id.* § 1B1.10(c).  Therefore, the district court was not authorized to reduce Kennedy's sentence based on Amendment 709.  *See id.* § 1B1.10, cmt. n.1(A); *United States v. Porter*, 335 F. App'x 408, 410 (5th Cir. 2009); *United States v. Galvez,* 321 F. App'x 405, 406 (5th Cir. 2009); *United States v. Rodriguez,* 306 F. App'x 147, 148 (5th Cir. 2009); *see also Shaw,* 30 F.3d at 28-29.

Kennedy contends that the district court abused its discretion when it failed to take into consideration unwarranted sentencing disparities.  Section 3553(a)(6) directs courts to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

The district court, in rejecting this argument, noted that Kennedy failed to "clarify what his co-defendants were convicted of."  Only now does he state that nature of his co-defendants' convictions.  Because these allegations are raised for the first time on appeal and were not factually developed by the district court, we decline to consider them.  *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Kennedy has failed to show that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220.  His motion to proceed IFP is DENIED.  Because

the appeal is frivolous, it is DISMISSED.  *See* 5th Cir. R. 42.2; *Whitebird*, 55 F.3d at 1010-11.