**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-40738
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE JAMES POLLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CR-37-5

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

In 1995, a jury convicted Willie James Polley of conspiracy to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. § 846, and the district court sentenced him to a statutory mandatory minimum 240-month term of imprisonment to be followed by 10 years of supervised release. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. Polley based the motion on the United States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crack cocaine. We review the denial of a § 3582 motion for abuse of discretion. *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994).

Polley argues that the district court abused its discretion in denying his motion to reduce his sentence because the district court erroneously believed that he was subject to the statutory mandatory minimum when he was actually sentenced to a within-guidelines sentence based on the drug quantity attributed to him. Polley further argues that if he was actually sentenced to the statutory minimum, then the sentencing court erred in enhancing his sentence. The Government has filed a motion for summary affirmance, or, alternatively, for an extension of time within which to file a brief.

Because Polley had a prior felony drug conviction and the Government filed notice that it intended to seek enhancement pursuant to 21 U.S.C. § 851(a)(1), Polley was subject, by statute, to the mandatory minimum penalty of 240 months in prison. 21 U.S.C. §§ 841(b)(1)(A), 851. The district court did not have the discretion to impose a guidelines sentence that was lower than the statutorily mandated minimum penalty. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir.), *cert. denied*, 129 S. Ct. 212 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, Polley has not shown that the district court abused its discretion in denying his motion for a reduction of his sentence. *See Shaw*, 30 F.3d at 28.

We decline to address Polley's challenge to his sentence enhancement. As we have previously stated, a § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.

2