**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-10045
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID EARL KATES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CR-42-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Earl Kates, federal prisoner # 30428-077, appeals the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). Kates was convicted by a jury of possession with intent to distribute cocaine base. Kates argues that he is entitled to have his sentence reduced pursuant to Amendment 709, which addressed two areas of the Guidelines' criminal history rules. Kates does not dispute that the amendment went into effect after he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced and that it is not listed by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10 as a guideline amendment that applies retroactively. He argues, however, that the district court was not limited by the Guidelines' list of retroactively applicable amendments because, after *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are advisory.

We review the district court's denial of Kates's § 3582(c) motion for abuse of discretion. *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). Amendment 709, on which Kates relies for his § 3582(c) motion, is not listed as an amendment covered by the policy statement in § 1B1.10. *See* § 1B1.10(c). Therefore, the plain language of § 3582(c) dictated that the district court was not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission policy. *See* § 1B.10, comment. (n.1); § 3582(c)(2). Moreover, this court has held that *"Booker* does not alter the mandatory character of § 1B1.10's limitations on sentence reductions." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). Kates has not shown that the district court abused its discretion in denying his § 3582(c) motion.

AFFIRMED.