# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2010

Charles R. Fulbruge III
Clerk

No. 09-50483
Summary Calendar

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee

v.

BYRON LAMONTE MCCUTCHEON,

                                 Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:92-CR-26-5

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Byron Lamonte McCutcheon, federal prisoner #60246-080, was convicted of conspiracy to possess with intent to distribute more than 50 grams of cocaine base and possession with intent to distribute cocaine. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We review the district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McCutcheon argues that the district court abused its discretion by denying his § 3582(c)(2) motion.  He maintains that the district court's initial drug quantity determination was not supported by sufficient evidence.  He contends that *United States v. Booker*, 543 U.S. 220 (2005), is applicable to § 3582(c)(2) proceedings and that his sentence should be reduced because of the continuing disparity between sentences for crack cocaine offenses and powder cocaine offenses.  He argues that the district court's previous grant of a § 3582(c)(2) sentence reduction to him should not have affected the resolution of his present motion.  He asserts that the district court violated his equal protection rights because of the disparity between his sentence and the sentence of his co-defendants.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence only where the defendant's sentencing range is actually lowered by the Sentencing Commission.  *See Doublin*, 572 F.3d at 237.  Because McCutcheon was held accountable for more than 4.5 kilograms of cocaine base, Amendment 706 did not change his guidelines sentence range.  *See* U.S.S.G. Supp. to App'x C, Amend. 706;  U.S.S.G. § 2D1.1(c)(1).  Contrary to McCutcheon's assertion, *Booker* is not applicable in § 3582(c)(2) proceedings.  *See Doublin*, 572 F.3d at 238. McCutcheon's challenge to the initial drug quantity determination and his equal protection claim are not cognizable in a § 3582(c)(2) proceeding.  *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).  Because § 3582(c)(2) authorizes a sentence reduction only when the sentencing range is lowered by an amendment to the Guidelines, the district court did not abuse its discretion by denying McCutcheon's motion for reduction of sentence.

AFFIRMED.