# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

Lyle W. Cayce
Clerk

No. 09-10952
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-68-17

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Rudy Williams appeals from the district court's denial of his second motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582 and the crack cocaine amendments to the Sentencing Guidelines. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence only where the defendant's sentencing range is actually lowered by the Sentencing Commission.[1] The crack cocaine amendments at issue here are inapplicable to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

an offender like Williams whose offense level was based on 4.5 kilograms or more of crack cocaine, and thus the crack cocaine amendments did not change Williams's guidelines sentencing range.[2] Because he was ineligible for relief, the district court did not abuse its discretion in denying Williams's section 3582(c)(2) motion.[3]

AFFIRMED.

---

[2] *See* U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. § 2D1.1(c)(1). *See also United States v. McCutcheon*, 2010 WL 711150, at *1 (5th Cir. Mar. 2, 2010) (unpublished). Williams was held accountable for 17.8 kilograms of crack cocaine.

[3] *See United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (Jan 28, 2010) (No. 09-8939); *Doublin*, 572 F.3d at 237.