# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

Charles R. Fulbruge III
Clerk

No. 08-30592
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRAIG JONES, also known as Lap,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-161-4

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Craig Jones, federal prisoner # 29832-034, appeals from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence. He was convicted of conspiracy to distribute and to possess with intent to distribute 50 or more grams of cocaine base and sentenced to 140 months. Jones argues that this court should review the substantive reasonableness of the district court's decision not to reduce his sentence. He contends that by denying his § 3582(c)(2) motion, the district court essentially resentenced him to an above the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence without articulating the reasons for an upward departure and that the district court gave no weight to his unblemished disciplinary record with the Bureau of Prisons.

This court reviews the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). The district court was not required to reduce Jones's sentence. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994); *see also* U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n.3. Nor was the court required to state findings of fact and conclusions of law. *See Evans*, 587 F.3d at 674. The court did, however, state its reasons for denying Jones's § 3582(c)(2) motion. At the original sentencing, the district court sentenced Jones based in part on his extensive criminal record and his propensity for violence. In denying the § 3582(c)(2) motion, the court stated that "[h]aving reconsidered the factors set forth in Title 18, United States Code, Section 3553(a), the sentence imposed is appropriate." Because the district court properly considered the § 3553(a) factors in denying the § 3582(c)(2) motion, *see* U.S.S.G. § 1B1.10 cmt. n.3, we find no abuse of discretion in the district court's refusal to reduce Jones's sentence. Furthermore, Jones's substantive reasonableness argument is unavailing because reasonableness review, as outlined in *United States v. Booker*, 543 U.S. 220 (2005), is not applicable to § 3582 proceedings. *See Evans*, 587 F.3d at 674; *see also United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

AFFIRMED.