# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 08-31002
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARRY HANDY, also known as Dubie Handy,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-319-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Harry Handy, federal prisoner # 27250-034, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Handy argues that the district court erred by failing to grant a larger reduction of his sentence and failing to specify its reasons for the sentence imposed. Handy's appeal waiver does not bar this appeal. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 417 (2009). In such cases, the district court may reduce the sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guidelines policy statements. § 3582(c)(2). The district court's determination of whether to reduce a sentence is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939).

In the instant case, the district court had before it the original presentence report, the statements of reasons for imposing sentence, the § 3582(c)(2) motion, the amendment eligibility worksheet, Handy's inmate profile, the plea agreement, and the factual basis supporting Handy's plea, all of which spoke to a number of the § 3553(a) factors. Under these circumstances, the district court gave due consideration to the motion to reduce Handy's sentence and implicitly considered the § 3553(a) factors. *See Evans*, 587 F.3d at 673-74; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Additionally, the district court is "not required to state findings of facts and conclusions of law" when granting or denying a motion under § 3582(c)(2). *Evans*, 587 F.3d at 674 (internal quotations and citation omitted). Moreover, a defendant cannot successfully challenge a district court's failure to provide reasons "for *granting* his [§ 3582(c)(2)] motion but not providing a satisfactorily low enough sentence within the recalculated range." *Id.* Accordingly, on this record, Handy has not shown that the district court abused its discretion when it reduced Handy's sentence. *See Evans*, 587 F.3d at 673-74; *Whitebird*, 55 F.3d at 1010; *Shaw*, 30 F.3d at 29.

AFFIRMED.