# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2010

No. 09-50921
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAVID ALVAREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-88-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Alvarez, federal prisoner #28318-180, filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 709 to the United States Sentencing Guidelines. The district court found that Amendment 709 did not apply retroactively and concluded that it lacked authority to modify Alvarez's sentence on this basis. It also denied leave to proceed in forma pauperis (IFP) on appeal, certifying that Alvarez's appeal was not taken in good faith. By moving this court for leave to proceed IFP on appeal, Alvarez is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009)). However, § 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a), (c); *United States v. Shaw,* 30 F.3d 26, 29 (5th Cir. 1994). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10. *See* § 1B1.10(c). Alvarez also argues that, in light of *United States v. Booker,* 543 U.S. 220 (2005), the district court erred in finding that § 1B1.10 is mandatory and that Amendment 709 cannot be applied retroactively. His argument is without merit. *See Dillon v. United States,* 130 S. Ct. 2683, 2692 (2010); *Doublin,* 572 F. 3d at 238.

Because Amendment 709 does not apply retroactively, the plain language of § 3582(c) dictates that the district court is not authorized to reduce a sentence based on Amendment 709. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B.10 cmt. n.1. Therefore, Alvarez has not shown that his appeal presents a nonfrivolous issue. Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.