# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2010

Lyle W. Cayce
Clerk

No. 09-50234
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN LAMAR COLEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-83-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Kevin Lamar Coleman, federal prisoner # 35520-180, appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines. Coleman moves for permission to appeal in forma pauperis (IFP). The district court has certified that the appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coleman argues that the Government breached the plea agreement by allowing him to be sentenced based upon an incorrect drug quantity.  He also contends that the district court abused its discretion by denying his § 3582(c)(2) motion because his 210-month sentence was greater than necessary to meet the goals of sentencing under 18 U.S.C. § 3553(a).

We need not address whether the Government breached the plea agreement because that issue is beyond the scope of the guidelines amendment and is therefore not cognizable in a § 3582 motion. *See  United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).  Moreover, the denial of Coleman's § 3582 motion was not an abuse of discretion, as the district court explicitly based its decision on the § 3553(a) sentencing factors.  *United States v. Doublin*, 572 F.3d 235, 237-38 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  Coleman has failed to show that he will raise a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion to proceed IFP is DENIED.  Because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.