**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2012

Lyle W. Cayce
Clerk

No. 11-11006
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL ANTHONY DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-111-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Davis, federal prisoner # 33896-177, was convicted in 2005 of conspiracy to possess and distribute cocaine and distribution of cocaine base and was sentenced at the bottom of the applicable guidelines sentencing range to 360 months of imprisonment. He now seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's order entered on October 6, 2011, denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). His motion was based on the amended Sentencing Guidelines for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crack cocaine offenses that were made retroactive in 2008, specifically, Amendment 706.

Davis previously filed two § 3582(c)(2) motions, in 2008 and 2010, based on Amendment 706. Those motions were denied because the district court determined that Davis's sentence would remain the same under the applicable guidelines based on the retroactive amendments. In denying Davis's instant § 3582(c)(2) motion, the district court noted that the motion was frivolous for the reasons set forth in its prior order. The district court also denied Davis leave to proceed IFP, certifying that Davis had failed to present a good faith issue for appeal.

By moving for leave to proceed IFP on appeal, Davis is challenging the district court's determination. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted); *see also Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407 (5th Cir. 2007). We may sua sponte dismiss an appeal pursuant to Fifth Circuit Rule 42.2 if "the merits are so intertwined with the certification decision as to constitute the same issue" and it is apparent that the appeal would lack merit. *See Baugh*, 117 F.3d at 202 n.24.

In his IFP brief, Davis argues that he is entitled to a sentence reduction based on the amended Guidelines because, inter alia, he is actually innocent of the quantity of drugs attributed to him and that if he had been held accountable for the correct amount, which he contends is .55 grams of crack cocaine, he would be entitled to be released under the amended Guidelines.

A § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir.

1995). A § 3582(c)(2) motion is also not the appropriate vehicle to relitigate drug quantity determinations. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) (holding that defendant's attempt to relitigate an issue that could have been raised at sentencing was not cognizable under § 3582(c)(2)).

Davis has failed to demonstrate that his appeal from the denial of his § 3582 motion involves legal points arguable on the merits. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP is DENIED. Further, because it is apparent that an appeal would lack merit, the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24.