# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2026

Lyle W. Cayce
Clerk

No. 25-40547
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Martinez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1022-1

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alejandro Martinez, federal prisoner # 43402-509, appeals the order denying his (i) motion under Federal Rule of Criminal Procedure 52(b); (ii) motion to "invoke pendant jurisdiction" under Federal Rule of Civil Procedure 60(b)(6); (iii) motion to supplement his Rule 52(b) and Rule 60(b)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motions; (iv) motion to provide documentary evidence; and (v) motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Martinez pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and was sentenced to 175 months of imprisonment. His direct appeal was dismissed on his own motion, and he did not file a motion to vacate under 28 U.S.C. § 2255.

In his Rule 52(b) motion, Rule 60(b)(6) motion, and his motion to supplement, Martinez raised various challenges to his sentence. The district court denied the foregoing motions on the ground that "motions attacking the propriety of a sentence imposed by the [c]ourt are appropriately raised either on appeal or under" § 2255. In his appeal brief, Martinez reprises the challenges to his sentence that he raised in his underlying motions and contends that that the district court erred by failing to make factual findings on the issues that he raised or adjudicate the challenges to his sentence.

Rule 52(b) defines plain error in criminal proceedings. FED. R. CRIM. P. 52(b). Unlike § 2255, Rule 52(b) does not provide an independent basis for challenging a sentence or for a collateral attack on a final judgment and recourse under Rule 52(b) may only be had on appeal. *See United States v. Frady,* 456 U.S. 152, 163 (1982). Furthermore, the Federal Rules of Civil Procedure do not apply to criminal cases. *See* FED. R. CIV. P. 1; FED. R. CIV. P. 81. Because Rule 52(b) does not provide a mechanism to challenge a sentence in the district court and because Rule 60(b)(6) does not apply in criminal cases, Martinez's related motions were "meaningless" and "unauthorized," and, as such, the district court correctly denied them. *See United States v. Early,* 27 F.3d 140, 142 (5th Cir. 1994).

As to Martinez's motion to provide documentary evidence, he does not challenge the district court's denial of the motion in his appeal brief. Any

No. 25-40547

such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, as to Martinez's motion for a sentence reduction pursuant to § 3582(c)(2), we review the district court's denial of the motion for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). The record indicates that Martinez possessed a firearm in connection with his offense and that the district court, accordingly, imposed a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). Thus, he is not eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821 because he does not satisfy the criteria to be a zero-point offender under U.S.S.G. § 4C1.1(a)(7). Furthermore, Martinez cannot challenge the § 2D1.1(b)(1) enhancement through his § 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 831 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

For the foregoing reasons, we AFFIRM the district court's order.